NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LIGHTING BALLAST CONTROL LLC,**
*Plaintiff-Cross Appellant,*

v.

**PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,**
*Defendant,*

**and**

**UNIVERSAL LIGHTING TECHNOLOGIES, INC.,**
*Defendant-Appellant.*

---

2012-1014, -1015

---

Appeals from the United States District Court for the Northern District of Texas in case no. 09-CV-0029, Judge Reed O'Connor.

---

Before RADER, *Chief Judge*, NEWMAN, LOURIE, DYK, PROST, MOORE, O'MALLEY, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

# ORDER

A petition for rehearing en banc was filed by Plaintiff-Cross Appellant Lighting Ballast Control LLC ("Lighting Ballast"), and a response thereto was invited by the court and filed by Defendant-Appellant Universal Lighting Technologies, Inc. ("ULT").

The petition for rehearing was considered by the panel that heard the appeal, and thereafter the petition for rehearing en banc, response, and briefs of amici curiae were referred to the circuit judges who are authorized to request a poll of whether to rehear the appeal en banc. A poll was requested, taken, and the court has decided that the appeal warrants en banc consideration.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition for rehearing en banc of Plaintiff-Cross Appellant Lighting Ballast is granted.

(2) The court's opinion of January 2, 2013, is vacated, and the appeal is reinstated.

(3) The parties are requested to file new briefs. The briefs should address the following issues:

a. Should this court overrule *Cybor Corp. v. FAS Technologies, Inc.*, 138 F.3d 1448 (Fed. Cir. 1998)?

b. Should this court afford deference to any aspect of a district court's claim construction?

c. If so, which aspects should be afforded deference?

(4) This appeal will be heard en banc on the basis of the additional briefing ordered herein, and oral argument. An original and thirty copies of new en banc briefs shall be filed, and two copies of each en banc brief shall be served on opposing counsel. ULT's en banc brief is due 45 days from the date of this order. Lighting Ballast's en

banc response brief is due within 30 days of service of ULT's new en banc brief, and the reply brief within 15 days of service of the response brief.  Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

(5)  Briefing should be limited to claim construction and related issues set forth above.

(6) The court invites the views of the United States Patent and Trademark Office as amicus curiae.  Other briefs of amici curiae will be entertained, and any such amicus briefs may be filed without consent and leave of court but otherwise must comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29.

(7) Oral argument will be held at a time and date to be announced later.

FOR THE COURT

March 15, 2013                    /s/ Jan Horbaly
        Date                         Jan Horbaly
                                     Clerk

cc:  Jonathan T. Suder, Esq.
     Robert P. Greenspoon, Esq.
     Andrew J. Dhuey, Esq.
     David A. Skeels, Esq.
     Steven J. Routh, Esq.
     Sten A. Jenson, Esq.
     John R. Inge, Esq.
     T. Vann Pearce, Jr., Esq.
     Diana M. Szego, Esq.
     Nathan K. Kelley, Esq.

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 1 5 2013

JAN HORBALY
CLERK