No. 2012-1014

_____

**United States Court of Appeals
For The Federal Circuit**

_____

**LIGHTING BALLAST CONTROL LLC**
*Plaintiff-Appellee,*

v.

**PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,**
*Defendant,*

and

**UNIVERSAL LIGHTING TECHNOLOGIES, INC.,**

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Northern District of Texas in Case No. 09-CV-0029,
Judge Reed O'Connor

_____

**BRIEF OF AMICUS CURIAE PAUL R. MICHEL
IN SUPPORT OF NEITHER PARTY**

_____

June 7, 2013

Charles Hieken
John A. Dragseth
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, Massachusetts  02210-1875
Telephone:  (617) 542-5070

*Attorneys for Amicus Curiae,*
Paul R. Michel

# CERTIFICATE OF INTEREST

Counsel for the Amicus Curiae Paul R. Michel certifies the following:

1. The name of every party or amicus represented by me is:

    Paul R. Michel

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

    Paul R. Michel

3. All parent corporations and any publicly held companies that own 10% or more of the stock of the party or amicus curiae represented by me or:

    None

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me or are expected to appear in this Court are:

    Charles Hieken
    John A. Dragseth
    Fish & Richardson P.C.

Dated: June 7, 2013                    /s/John A. Dragseth
                                       John A. Dragseth
                                       Fish & Richardson P.C.
                                       One Marina Park Drive
                                       Boston, MA 02210-1875

**TABLE OF CONTENTS**

I.   STATEMENTS OF IDENTITY, INTEREST, AND AUTHORITY TO FILE STATEMENTS IN COMPLIANCE WITH RULE 29(c)(5) ...................................................................................1

II.  ARGUMENT

   A. THE UNANIMOUS SUPREME COURT MARKMAN OPINION RECOGNIZED THE IMPORTANCE OF UNIFORMITY IN PATENT CLAIM CONSTRUCTION AND OF THIS COURT IN ITS IMPLEMENTATION, BUT LEFT OPEN THE ROLE OF THIS COURT IN REVIEWING TRIAL JUDGE FINDINGS OF FACT AFTER HEARING EVIDENCE RELEVANT TO CLAIM CONSTRUCTION: THEY SHOULD BE REVIEWED FOR CLEAR ERROR……………………………………………………………….1

   B. REVIEWING CLAIM CONSTRUCTION BASED ON INTRINSIC WRITTEN MATERIALS, SUCH AS THE SPECIFICATION, SHOULD CONTINUE TO BE *DE NOVO* ..............................................3

III. CONCLUSION .................................................................................3

# TABLE OF AUTHORITIES

**CASES**

*Cybor Corp. v. FAS Technologies, Inc.*,
   138 F.3d 1448 (Fed. Cir. 1998) (en banc) ................................................. 2

*Graham v. John Deere*, 383 U.S. 1 (1966) ................................................. 3

*Markman v. Westview Instruments, Inc.*,
   517 U.S. 370 (1996) ................................................................................ 1-2

*Phillips v. AWH Corp.,* 415 F.3d 1303 (Fed. Cir. 2005) (en banc) ............. 3

I.  STATEMENTS OF IDENTITY, INTEREST, AND AUTHORITY TO FILE STATEMENTS

Paul R. Michel is a former chief judge of this Court, who upon retiring from the Court, expressed an intent to lead public discussion on innovation and the patent system. This amicus brief is part of that effort.

Amicus has no stake in the result of this appeal. No party, no counsel representing a party, and no person other than counsel representing Paul R. Michel, authored any part of this brief. No party, no counsel representing a party, and no person contributed money that was intended to fund preparing or submitting this brief.

II.  ARGUMENT

A. THE UNANIMOUS SUPREME COURT *MARKMAN* OPINION RECOGNIZED THE IMPORTANCE OF UNIFORMITY IN PATENT CLAIM CONSTRUCTION AND OF THIS COURT IN ITS IMPLEMENTATION, BUT LEFT OPEN THE ROLE OF THIS COURT IN REVIEWING TRIAL JUDGE FINDINGS OF FACT AFTER HEARING EVIDENCE RELEVANT TO CLAIM CONSTRUCTION: THEY SHOULD BE REVIEWED FOR CLEAR ERROR.

In its unanimous opinion in *Markman v. Westview Instruments, Inc.,* the Supreme Court focused on the need for uniformity in claim construction:

> Finally, we see the importance of uniformity in the treatment of a given patent as an independent reason to allocate all issues of construction to the court. As we noted in *General Elec. Co. v. Wabash Appliance Corp.*, 304 U. S. 364, 369 (1938), "[t]he limits of a patent must be known for the protection of the patentee, the encouragement of the inventive genius of others and the assurance that the subject of the patent will be dedicated ultimately to the public." Otherwise, a "zone of uncertainty which enterprise and experimentation may enter only at the risk of infringement claims would discourage invention only a little

1

> less than unequivocal foreclosure of the field," *United Carbon Co. v. Binney & Smith Co.*, 317 U. S. 228, 236 (1942), and "[t]he public [would] be deprived of rights supposed to belong to it, without being clearly told what it is that limits these rights." *Merrill v. Yeomans*, 94 U. S. 568, 573 (1877). It was just for the sake of such desirable uniformity that Congress created the Court of Appeals for the Federal Circuit as an exclusive appellate court for patent cases, H. R. Rep. No. 97-312, pp. 20-23 (1981), observing that increased uniformity would "strengthen the United States patent system in such a way as to foster technological growth and industrial innovation." *Id.*, at 20.

517 U.S. 370, 390 (1996).

This Court followed *Markman* in *Cybor Corp. v. FAS Technologies, Inc.*, 138 F.3d 1448 (Fed. Cir. 1998) (en banc), and that decision should not be completely overruled. However, this Court should afford deference to findings of fact by a judge hearing live testimony relevant to claim construction through review for clear error as to that finding of fact. Other aspects of claim construction should continue to be subject to *de novo* review.

This Court, subject to review by the Supreme Court, should be the final arbiter of claim construction. Such an approach will achieve the Supreme Court's directive of obtaining "uniformity in the treatment of a given patent," while recognizing the special position and capabilities of district courts with respect to hearing and considering factual evidence. Should there be conflicting findings of fact based on live testimony relevant to claim construction, this Court should decide which of the findings of fact based on live testimony should be followed in claim construction.

**B. REVIEWING CLAIM CONSTRUCTION BASED ON INTRINSIC WRITTEN MATERIALS, SUCH AS THE SPECIFICATION, SHOULD CONTINUE TO BE *DE NOVO*.**

To the extent claim construction is based on intrinsic written materials, the reviewing Court should continue to exercise its independent judgment on the meaning of claim terms based upon the same written materials available to the trial judge.

> The pertinence of the specification to claim construction is reinforced by the manner in which a patent is issued. The Patent and Trademark Office ("PTO") determines the scope of claims in patent applications not solely on the basis of the claim language, but upon giving claims their broadest reasonable construction "in light of the specification as it would be interpreted by one of ordinary skill in the art.

*Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc).

The court should review for clear error findings of fact by a trial court on subsidiary fact issues underlying constructions of disputed claim terms. The meaning of the terms themselves, however, should continue to be reviewed *de novo*. Furthermore, interpreting language in the specification and the prosecution should be subject to the *de novo* standard of review.

The line of demarcation should be clear enough because it is analogous to review of determinations of obviousness, which distinguish between law and fact, as required by *Graham v. John Deere*, 383 U.S. 1 (1966). In addition, the trial court's opinion will make plain when the particular ruling is based just on the patent document itself and when it extends to witness testimony, expert reports, or prior art documents. All the latter instances concern inherently factual determinations and therefore invoke deferential review.

*Graham* held that the scope and content of the prior art involves factual questions, as do the level of skill in the relevant art and the difference between the claimed invention and the prior art. 383 U.S. at 7. That the categorization was for purposes of assessing obviousness makes no difference because the Supreme Court was addressing the inherent nature of the questions. When the purpose is claim construction, their nature remains the same.

The benefits of such a "divided" standard of appellate review should include:

- encouraging the trial judge to probe more deeply into the meaning of the disputed claim terms, explaining their reasoning more clearly, and feeling that their considered efforts will not be lightly overturned;
- reducing the persistently high rate of reversal, avoiding unnecessary remands;
- making trial judge *Markman* rulings more reliable, incentivizing more and earlier settlements;
- reducing the number of appeals, easing the court's burdens, and accelerating disposition of other appeals.

Because the ultimate issue of the correct meaning of claim language would remain subject to *de novo* review, consistency could be maintained, for example, when different constructions of the same terms are made by different trial judges, inconsistently. It is submitted that such a divided standard is more consistent with the Supreme Court's statement in *Markman* that claim construction is a "mongrel" practice somewhere between historical fact and pure law than the present *de novo* standard, required by *Cybor*.

In cases where the trial judge either does not see a need to go outside the intrinsic record or nevertheless makes no findings of fact in the opinion, *de novo* review would apply.

Although settled law for more than a decade, the *Cybor* decision can be revised now, despite being unanimous then. How well it would work in practice could not have been reliably predicted. It is clear that the *Cybor* rule has had negative consequences. They have been serious and deleterious. Nor do they seem offset by any countervailing benefits. After all, 90% or more infringement suits settle, but many only after prolonged periods of time and great expense due primarily to the instability of trial court claim constructions rulings. If that assessment is correct, then surely the court should modify *Cybor* and, if it does so, it should adopt the divided standard of review proposed herein.

### III.  CONCLUSION

This Court should continue *de novo* review of claim construction except for reviewing findings of fact based on live testimony or prior art documents for clear error.

Respectfully submitted,

/s/John A. Dragseth
John A. Dragseth
Fish & Richardson P.C.
Attorneys for Amicus Paul R. Michel

# CERTIFICATE OF SERVICE AND FILING

I certify that I electronically filed the foregoing BRIEF OF AMICUS CURIAE Paul R. Michel using the Court's CM/ECF filing system. Counsel was served via CM/ECF.

Mr. Jan Horbaly
Clerk of Court
United States Court of Appeals for
the Federal Circuit
717 Madison Place, N.W.
Room 401
Washington, DC  20439

| | |
|---|---|
| Jonathan Tad Suder<br>Friedman, Suder & Cooke<br>Tindall Square Warehouse No. 1<br>604 East 4th Street<br>Suite 200<br>Fort Worth, TX 76102 | Counsel for Plaintiff-Appellee,<br>*Lighting Ballast Control LLC* |
| Steven J. Routh, Esq.<br>Orrick Herrington & Sutcliffe LLP<br>Columbia Center<br>1152 15th Street N.W.<br>Washington, D.C. 20005 | Counsel for Defendant-Appellant,<br>*Universal Lighting Technologies,<br>Inc.* |

Date: June 7, 2013         /s/ John A. Dragseth
                           John A. Dragseth

6