# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2012-1014

## LIGHTING BALLAST CONTROL LLC,

*Plaintiff-Appellee*,

v.

## PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,

*Defendant,*

**and**

## UNIVERSAL LIGHTING TECHNOLOGIES, INC.,

*Defendant-Appellant.*

---

*Appeal from the United States District Court for the
Northern District of Texas in case no. 09-CV-0029, Judge Reed O'Connor*

---

## CORRECTED BRIEF FOR THE DELAWARE CHAPTER OF THE FEDERAL BAR ASSOCIATION AS *AMICUS CURIAE* IN SUPPORT OF NEITHER PARTY

John W. Shaw
Karen E. Keller
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
 (302) 298-0700
*Attorneys for amici curiae the Delaware
Chapter of the Federal Bar Association*

Dated:  May 28, 2013

# CERTIFICATE OF INTEREST

Counsel for amicus curiae Delaware Chapter Federal Bar Association members certifies the following:

1. The full name of every party or amicus represented by me is:

Delaware Chapter of the Federal Bar Association

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

N/A

3. All parent corporations and any publicly held companies that own 10% or more of the stock of the party or amicus curiae represented by me are:

None.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or are expected to hear in this Court are:

Shaw Keller LLP:  John W. Shaw, Karen E. Keller

*/s/ John W. Shaw*

John W. Shaw
Karen E. Keller
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700

May 28, 2013

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF INTEREST OF AMICI CURIAE ................................................1

SUMMARY OF ARGUMENT ...............................................................................2

ARGUMENT ...........................................................................................................3

    I.      The Delaware Court of Chancery ............................................................3

    II.     The *De Novo* Review Standard for Claim Construction Is Not Mandated by the Lack of a Seventh Amendment Right to Have Juries Decide Claim Construction ...........................................................4

    III.    A System of Deferential Review Need Not Equate to Unfettered Fact Finding by the Trial Courts ..............................................................6

## TABLE OF AUTHORITIES

**Cases**                                              **Page**

*ArcelorMittal France v. AK Steel Corp.*,
   700 F.3d 1314 (Fed. Cir. 2012) ......................................................................8

*Chavin v. PNC Bank*,
   816 A.2d 781 (Del. 2003) ...............................................................................6

*Cybor Corp. v. FAS Technologies, Inc.*,
   138 F.3d 1448 (Fed. Cir. 1998) ......................................................................2

*E.I. du Pont de Nemours & Co. v. Admiral Ins. Co.*,
   711 A.2d 45 (Del. Super. 1995) ......................................................................8

*Feeley v. NHAOCG, LLC*,
   62 A.3d 649 (Del. Ch. 2012) ..........................................................................5

*Kahn v. Tremont Corp.*,
   694 A.2d 422 (Del. 1997) ...............................................................................5

*Markman v. Westview Industries, Inc.*,
   517 U.S. 370 (1996) .......................................................................................3

*McIlquham v. Feste*,
   Civ. A. 19042, 27 Del. J. Corp. L. 925,
   2001 WL 1497179 (Del. Ch. Nov. 16, 2001) ................................................5

*Motorola Inc. v. Amkor Tech., Inc.*,
   958 A.2d 852 (Del. 2008) ...............................................................................9

*Otto v. Gore*,
   45 A.3d 120 (Del. 2012) .................................................................................6

*Paine Webber v. Centocor*,
   Nos. 14405-NC, 14667-NC,
   1997 WL 30216 (Del. Ch. Jan. 15, 1997) ......................................................6

*Park Oil, Inc. v. Getty Refining and Marketing Co.*,
   407 A.2d 533 (Del. 1979) ...............................................................................4

*Scion Breckenridge Managing Member, LLC v. ASB Allegiance
   Real Estate Fund*,
      --- A.3d ---, 2013 WL 1914714 (Del. May 9, 2013) ............................................6

*SI Mgmt. L.P. v. Wininger*,
   707 A.2d 37 (Del. 1998) ..............................................................................7

Statutes

Del. Const. art. IV, § 10 ...................................................................................4

Other Authorities

Donald J. Wolfe, Jr. & Michael Pittenger, CORPORATE AND COMMERCIAL
PRACTICE IN THE DELAWARE COURT OF CHANCERY (Matthew Bender).....................4

*http://courts.delaware.gov/chancery/history.stm* .......................................................3

William H. Rehnquist, *The Prominence of the Delaware Court of Chancery
in the State-Federal Joint Venture of Providing Justice*, 48 THE BUSINESS
LAWYER 351 (Nov. 1992) ........................................................................4

**STATEMENT OF INTEREST OF AMICI CURIAE**

The Delaware Chapter of the Federal Bar Association is a voluntary membership organization comprised of attorneys who practice in the federal and state courts within the State of Delaware, among other jurisdictions.

The Delaware Court of Chancery – where no litigant has the right to a jury trial, even though many of its decisions are subject to deferential appellate review –uniquely positions Delaware practitioners to speak about whether deferential review is mandated by the absence of a right to a jury trial on the issue under appellate review.

The Court ordered that briefs of *amici curiae* will be entertained, and any such *amicus* briefs may be filed without leave of court, so long as they do not exceed 15 pages in length and otherwise comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29.  The Delaware Chapter of the Federal Bar Association[1] authored this brief in its entirety, and no party or party's counsel authored this brief, in whole or in part.  Further, no party, party's counsel, nor other person contributed money intended to fund preparing or submitting this brief.

---

[1] Pursuant to Article X, Section 4 of the Federal Bar Association Constitution, *amici* represent that the Delaware Chapter of the Federal Bar Association expresses the positions herein in its name only.

## SUMMARY OF ARGUMENT

Many, including members of this Court, have written that the *de novo* review standard for claim construction is a necessary by-product of removing claim construction from the province of the jury.[2]

The lack of a right to a jury trial on a particular subject or issue does not mandate *de novo* appellate review. In fact, the standard of appellate review is not tethered in any way to whether a jury trial right attaches to a particular subject or issue.

The Delaware Court of Chancery's two centuries of experience without juries cleanly illustrates the point. No litigant has a right to a jury trial on any matter heard in that court. Yet the absence of jury trial rights in that court does not mandate plenary review of the Delaware Court of Chancery's decisions; rather the Delaware Supreme Court reviews many of its decisions with deference.

---

[2] *See*, *e.g.*, *Cybor Corp. v. FAS Technologies, Inc.*, 138 F.3d 1448, 1473 (Fed. Cir. 1998) (Rader, J., dissenting in part) ("To evade the strictures of the Seventh Amendment, *Markman I* necessarily reasoned that claim construction is purely a matter of law. As a pure question of law, claim construction became subject to plenary appellate review.").

Thus, it is the view the Delaware Chapter of the Federal Bar Association that there is nothing inherent about the Supreme Court's decision in *Markman v. Westview Industries, Inc.*[3] that mandates *de novo* appellate review of claim construction decisions.

## ARGUMENT

I. **The Delaware Court of Chancery.**

Delaware is only one of a handful of states that preserves the traditional distinction between courts of law and courts of equity.[4] Delaware's equity court tradition pre-dates the official creation of the Court of Chancery by Delaware's Second Constitution in 1792, and has roots in primitive equity as well as English Chancery as administered among the first colonists.[5]

Litigation in the Delaware Court of Chancery spans a wide range of subjects, ranging from corporate and fiduciary matters, to trusts, estates, guardianships, reformation of agreements, and other matters of traditional equitable

---

[3]   517 U.S. 370 (1996).

[4]   Courts of equity operate in Delaware, Mississippi, New Jersey, and Tennessee.

[5]   A comprehensive history of Delaware's equity court is available at
    *http://courts.delaware.gov/chancery/history.stm*.

jurisprudence.[6] Many of the disputes heard by the Court of Chancery involve written instruments of one kind or another, including certificates of incorporation and corporate by-laws, trusts and wills, and contracts resulting from bi-lateral negotiations or from the unilateral dictates of one party, such as an insurance contract. The Delaware Court of Chancery has become one of the most important business litigation forums in the nation.[7]

There is no right to a jury trial on any matter within the equitable subject matter jurisdiction of the Court of Chancery.[8]

---

[6] *See* Donald J. Wolfe, Jr. & Michael Pittenger, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY, § 2.03(b)(1) (Matthew Bender).

[7] *See*, *e.g.*, William H. Rehnquist, *The Prominence of the Delaware Court of Chancery in the State-Federal Joint Venture of Providing Justice*, 48 THE BUSINESS LAWYER 351, 354 (Nov. 1992); Wolfe & Pittenger, § 1.02.

[8] Del. Const. art. IV, § 10; *Park Oil, Inc. v. Getty Refining and Marketing Co.*, 407 A.2d 533 (Del. 1979) ("The right to a jury trial [ ] applies to an action at law; it does not apply in an equity suit") (citations omitted); *see generally* Wolfe & Pittenger, § 1.08.

## II. The *De Novo* Review Standard for Claim Construction Is Not Mandated By the Lack of a Seventh Amendment Right to Have Juries Decide Claim Construction.

The experience of the Delaware Court of Chancery demonstrates that deferential review of some or all parts of patent claim construction is not inconsistent with the strictures of the Seventh Amendment. Examples abound. Claims for breach of fiduciary duty, for which no right to a jury trial exists,[9] often turn on questions of fact.[10] On appeal of claims for breach of fiduciary duty, the Delaware Supreme Court reviews "the factual findings of the Court of Chancery with considerable deference but exercise[s] *de novo* review concerning the application of legal standards."[11]

Another example is contract reformation. This cause of action requires examination of the parties' actions and the existence of a mistake – all questions of fact.[12] The Delaware Supreme Court reviews legal conclusions in reformation

---

[9] *See*, *e.g.*, *Feeley v. NHAOCG, LLC*, 62 A.3d 649, 668 (Del. Ch. 2012).

[10] *See*, *e.g.*, *Paine Webber v. Centocor*, Nos. 14405-NC, 14667-NC, 1997 WL 30216, at *3 (Del. Ch. Jan. 15, 1997).

[11] *Kahn v. Tremont Corp.*, 694 A.2d 422, 428 (Del. 1997) (citation omitted).

[12] *McIlquham v. Feste*, Civ. A. 19042, 27 Del. J. Corp. L. 925, 2001 WL 1497179, at *6-7 (Del. Ch. Nov. 16, 2001).

actions *de novo*, but defers to underlying "factual findings unless they are clearly erroneous."[13]

Causes of action relating to the existence of a trust are a final (although by no means the only remaining) example. A party seeking to establish the existence of a trust bears the burden of demonstrating that the acts of the alleged settlor are sufficient to create a trust.[14] This too is a factual question, which the Delaware Supreme Court reviews under the "clearly erroneous" standard.[15]

### III. A System of Deferential Review Need Not Equate to Unfettered Fact Finding by the Trial Courts.

Accepting deferential review does not, in our experience, mandate widespread fact finding by trial courts in connection with written documents, or require complete deference to the trial court. Likewise, an objective, rules-based interpretative system that recognizes the possibility for factual findings does not require deferential review in all instances.

Again, the experience of the Delaware Court of Chancery is instructive, particularly the court's examination and treatment of written instruments bearing

---

[13] *Scion Breckenridge Managing Member, LLC v. ASB Allegiance Real Estate Fund*, --- A.3d ---, 2013 WL 1914714, at *6 (Del. May 9, 2013).

[14] *Chavin v. PNC Bank*, 816 A.2d 781, 783 (Del. 2003).

[15] *Otto v. Gore*, 45 A.3d 120, 129-30 (Del. 2012) (citation omitted).

similarities, either in construct or treatment, to issued United States patents. Unlike jurisdictions in which all extrinsic evidence of contract construction is relevant and must be considered as part of the construction process, Delaware permits consideration of extrinsic evidence only in limited circumstances where the contract language is ambiguous and the extrinsic evidence reflects a commonly held understanding of the contracting parties:

> A court considering extrinsic evidence assumes that there is some connection between the expectations of contracting parties revealed by that evidence and the way contract terms were articulated by those parties. Therefore, unless extrinsic evidence can speak to the intent of all parties to a contract, it provides an incomplete guide with which to interpret contractual language.[16]

In practice, this objective standard constrains the circumstances when extrinsic evidence can be utilized in construing the written instrument. Thus, for example, in construing a limited partnership agreement in which only one party had the ability to articulate and control the contract terms, extrinsic evidence was held "irrelevant to the intent of *all* parties at the time they entered into the agreement."[17] Insurance contracts are treated similarly.[18]

---

[16] *SI Mgmt. L.P. v. Wininger*, 707 A.2d 37, 43 (Del. 1998).

[17] *Id.* at 44.

While it is beyond the scope of this brief to present or advocate for a specific framework for deferential review in response to Question (c) of the Order granting rehearing en banc, *amicus curiae* do note the deferential analytical framework for written instruments is not dissimilar to the Court's existing claim construction jurisprudence – with the exception of *Cybor's* standard of review for claim construction.

For example, this Court repeatedly has held that the subjective views of an inventor about the nature and scope of an invention carry little or no weight in the claim construction process – because those views do not reflect of the views of a person of ordinary skill in the art at the time of the invention.[19]

On the other hand, evidence of an inventor's understanding of a claim term may be relevant "when an inventor's understanding of a claim term is expressed in the prior art."[20] Likewise, extrinsic evidence of contractual meaning held by both

---

[18]  *See*, *e.g.*, *E.I. du Pont de Nemours & Co. v. Admiral Ins. Co.*, 711 A.2d 45, 56 (Del. Super. 1995).

[19]  *ArcelorMittal France v. AK Steel Corp.*, 700 F.3d 1314, 1321-22 (Fed. Cir. 2012).

[20]  *Id.* (citations omitted).

contracting parties, when needed for interpretation of a contract, is relevant under Delaware jurisprudence.[21]

In sum, our experience with the Delaware Court of Chancery demonstrates that reasoned, objective standards for claim construction that acknowledge the existence of some factual finding by the district courts can coexist with a claim construction process conducted without the aid of a jury.

## CONCLUSION

In response to the first and second questions for which the Court has sought briefing in this appeal, *amicus curiae* the Delaware Chapter of the Federal Bar Association respectfully submits that the standard of appellate review of claim

---

[21] *Motorola Inc. v. Amkor Tech., Inc.*, 958 A.2d 852, 859 (Del. 2008). While those findings are subject to a deferential review standard, the reviewing court still decides the threshold issue of whether resort to extrinsic evidence is necessary for that particular written instrument under a *de novo* standard. *Id.*

construction decisions should not depend, in any respect, on whether claim construction is a jury-triable issue.

Respectfully submitted,

*/s/ John W. Shaw*
John W. Shaw
Karen E. Keller
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
 (302) 298-0700

*Attorneys for amici curiae the Delaware Chapter of the Federal Bar Association*

Dated:  May 28, 2013

## CERTIFICATE OF SERVICE

I, John W. Shaw, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

I hereby certify that on May 29, 2013, I electronically filed the foregoing **BRIEF FOR THE DELAWARE CHAPTER OF THE FEDERAL BAR ASSOCIATION AS *AMICI CURIAE* IN SUPPORT OF NEITHER PARTY** with the Clerk of Court using the CM/ECF System, which will serve via email notice of such filing to any of the following counsel registered as CM/ECF users:

| | |
|---|---|
| Andy I. Corea, <br> Stephen P. Mcnamara <br> Todd M. Oberdick <br> ST. ONGE STEWARD JOHNSTON <br> 986 Bedford Street, <br> Stamford, CT 06905 <br> (203)324-6155 | Steven J. Routh, <br> John Randolph Inge <br> Sten A. Jensen <br> Timothy Vann Pearce, Jr. <br> Diana M. Szego <br> ORRICK, HERRINGTON & SUTCLIFFE LLP <br> 1152 15th Street, NW <br> Washington, D.C. 20005 <br> (202) 339-8400 |
| George C. Summerfield, Jr. <br> STADHEIM & GREAR, LTD. <br> 400 North Michigan Avenue <br> Suite 2200 <br> Chicago, IL 60611 <br> (312) 755-4400 | Leonard Agnetna <br> UNIVERSITY OF MAINE SCHOOL OF LAW <br> Maine Patent Program <br> 246 Deering Avenue <br> Portland, ME 04102 |
| Jonathan T. Suder <br> David Arthur Skeels <br> FRIEDMAN, SUDER & COOKE <br> 604 E. 4th St. <br> Suite 200 <br> Fort Worth, TX 76102 <br> (817) 334-0400 | William L. Respess <br> NANOGEN INC. <br> 10398 Pacific Centre Court <br> San Diego, CA 92121 <br> (858)756-3978 |

Andrew John Dhuey
456 Boynton Avenue
Berkeley, CA 94707
(510)528-8200

Robert P. Greenspoon
FLACHSBART & GREENSPOON, LLC
333 North Michigan Avenue
Suite 2700
Chicago, IL 60601
(312) 551-9500

*/s/ John W. Shaw*
John W. Shaw
Karen E. Keller
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
 (302) 298-0700

*Attorneys for amici curiae the Delaware Chapter of the Federal Bar Association*

# **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing brief complies with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure. Based on the word count tool, the number of words in the foregoing brief, excluding Table of Contents, Table of Authorities, and the Certificate of Interest, is 1334.


Dated: May 28, 2013                                   */s/ John W. Shaw*
                                                                  John W. Shaw